IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RICHARD MORALES CASTILLO, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Cause No. EP-23-CV-356-KC |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Richard Morales Castillo, Texas State Prisoner Number 01041904, challenges Respondent Bobby Lumpkin's custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 4.[1] His petition is opposed by Lumpkin as untimely. Resp't's Answer, ECF No. 16 at 1. For the following reasons, his petition will be dismissed with prejudice as time barred.

### BACKGROUND AND PROCEDURAL HISTORY

Castillo is a 58-year-old state prisoner at the J. Dale Wainwright Unit in Lovelady, Texas. *See* Texas Department of Criminal Justice (TDCJ), Inmate Information Details, https://inmate.tdcj. texas.gov /InmateSearch (search for TDCJ No. 01041904, last visited Jan. 8, 2024). His parole eligibility date is December 12, 2034. *Id*.

Castillo was indicted by an El Paso County grand jury for capital murder in connection with the December 12, 1994, death of inmate Richard Bracknell. *Castillo v. State*, No. 08-01-00147-CR, 2004 WL 2058429, at *1 (Tex. App.—El Paso Sept. 15, 2004, pet. ref'd).

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this cause. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Paragraph A of the indictment alleged Castillo—while incarcerated in the El Paso County Detention Facility and in combination with two or more others—intentionally caused Bracknell's death by strangulation, in violation of Texas Penal Code § 19.03(a)(5)(B). *Id*. Paragraph B alleged Castillo—while incarcerated for capital murder[2]—intentionally caused Bracknell's death by strangulation, in violation of Texas Penal Code § 19.03(a)(6)(A). *Id*.

Castillo filed a motion to strike paragraph B of the indictment. *Id*. at *5. He argued § 19.03(a)(6)(A) was unconstitutionally applied to him because he was awaiting trial for capital murder and had not been found guilty of capital murder. *Id*. His motion was denied by the trial court. *Id*. In a second motion to quash or strike paragraph B, Castillo asserted "[a] complete review of the records of the El Paso County Detention Facility … established conclusively that on the date of the offense … charged in the indictment, i.e., December 12, 1994, [he] was not incarcerated for CAPITAL MURDER." *Id*. He maintained he "was not charged with capital murder until December 20, 1994, eight days after the incident on which the indictment was based." *Id*. His second motion was also denied. *Id*.

A jury found Castillo guilty of capital murder, as alleged in the indictment. *Id*. But because the jury found in Castillo's favor on the mitigation special issue, the trial court imposed a life sentence. *Id*.

On appeal, Castillo raised two issues. In issue one, he asserted the trial court erred in denying his motions to strike paragraph B of the indictment. *Id*. "This issue contain[ed] two

---

[2] It appears from state court records that Castillo was charged on or about August 10, 1993, with capital murder in cause number 930D06261 in the 205th District Court of El Paso County. The charge was dismissed on January 24, 2001. *See* El Paso County, Criminal Case Records Search, Register of Actions, https://casesearch.epcounty.com/PublicAccess/CaseDetail.aspx? (Search for Castillo, Richard Morales, last visited Oct. 2, 2023).

2

sub-arguments: (1) Section 19.03(a)(6)(A) [was] unconstitutionally applied to [Castillo] in Paragraph B of the indictment because he [was] being prosecuted for his status as an inmate; and (2) the term 'incarcerated' contained in Section 19.03(a)(6)(A) [was] vague and ambiguous, and the legislative history [did] not support an interpretation of the statute which permits prosecution of a person who has not been convicted of capital murder." *Id.* In issue two, Castillo argued Paragraph A "failed to provide him with adequate notice of the charge against him because the term 'combination' used in the indictment [was] vague and indefinite." *Id*. at *7. His objections were overruled by the Eighth Court of Appeals. *Id*. at *7, *8. His conviction was affirmed on September 15, 2004. *Id*. at *1, *16.

Castillo dated and presumably mailed his first state habeas application on January 13, 2009. First State Writ Appl., WR-71,800-01, ECF No 15-47 at 57. He claimed his counsel failed to advise him of his right to a further review of his case by the Court of Criminal Appeals. *Id*. at 52. He asked for permission to file an out-of-time petition for discretionary review. *Id*. at 63. His application was granted on April 29, 2009. *Id*. at 2. But his petition for discretionary review was ultimately denied on September 30, 2009. *Castillo*, 2004 WL 2058429, at *1.

Castillo dated and presumably mailed his second state habeas application on April 13, 2023. Second State Writ Appl., WR-71,800-02, ECF No 15-60 at 108. He claimed the State misapplied the capital murder statute to him because he had not been found guilty of the underlying murder offense. *Id*. at 100. He maintained his conviction was the result of "vindictive prosecution by the El Paso County District Attorney's Office." *Id*. at 102. Additionally, he claimed he was denied the right to an appointed counsel to assist him with his application for a writ of

3

habeas corpus. *Id*. at 104. His application was denied without a written order on July 5, 2023. Action Taken, ECF No. 15-48 at 1.

Castillo now asserts four due process grounds for federal habeas relief. First, he claims he was wrongfully convicted because, he argues, Texas Penal Code § 19.03(a)(6)(A) cannot be applied to pretrial detainees. Pet'r's Pet., ECF No. 4 at 6. Second, he asserts the El Paso County District Attorney's Office was vindictive and intentionally ignored the "true meaning" of § 19.03(a)(6)(A). *Id*. Third, he avers the visiting judge failed to seek the true meaning and intent of § 19.03(a)(6)(A). *Id.* at 7. Finally, he argues he was denied a fair trial because the jury was misled about the meaning of § 19.03(a)(6)(A). *Id.* He asks the Court to overturn his "wrongful conviction." *Id*. He also asks the Court to equitably toll the statutory limitations on his claims because, he alleges, Texas Department of Criminal Justice administrators have been taking his property—presumably including his legal documents—from him since 2008. *Id.* at 9.

Lumpkin answers Castillo's "petition should be dismissed with prejudice because it is time-barred by the applicable limitations period." Resp't's Answer, ECF No. 16 at 1.

## STANDARD OF REVIEW

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." *Id*. (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v.*

*Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Additionally, the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that claims under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* §§ 2244(d)(1)(A)−(D).

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance [comply] with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

The limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'" *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It is justified only "'in rare and exceptional circumstances.'" *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting

5

*Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, "'or is prevented in some extraordinary way from asserting his rights.'" *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Additionally, "'[e]quity is not intended for those who sleep on their rights.'" *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906−07 (5th Cir. 1992)).

The petitioner has the burden of proving an entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' " of timely filing his § 2254 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## ANALYSIS

Castillo did not file his federal petition within one year after his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The judgment in his criminal case was affirmed by the Eighth Court of Appeals on September 15, 2004. *Castillo*, 2004 WL 2058429, at *1, *16. His petition for discretionary review was denied by the Court of Criminal Appeals on September 30, 2009. *Castillo*, 2004 WL 2058429, at *1. So, his conviction became final 90 days later—on December 29, 2009—when the time to file a petition for a writ of certiorari with the Supreme Court expired. *Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003). As a result, he had one year—or until December 29, 2010—to timely file his federal petition under 28 U.S.C. §

2244(d)(1)(A). *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one-year limitation period in §2244 (d) of the AEDPA); 28 U.S.C. § 2244(d)(1)(A).

Castillo constructively filed his federal petition on August 23, 2023, the day he signed and presumably placed it in the prison mail system. Pet'r's Pet., ECF No. 4 at 10; *see United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) ("a *pro se* motion is deemed filed at the time it is delivered to prison officials") (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)). Since Castillo initiated the instant action in August of 2023, and his limitations period expired in December of 2010, his petition was untimely by nearly thirteen years.

Castillo dated and presumably mailed his second state habeas application on April 13, 2023. Second State Writ Appl. WR-71,800-02, ECF No 15-60 at 108. Since his application was not submitted until after the limitations period had already expired, it did not toll the limitations period. *Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008).

Castillo's excuse for his delay in filing his federal petition does not warrant the application of equitable tolling. He claims prison administrators have been taking his property—presumably including his legal documents—since 2008. Pet'r's Pet., ECF No. 4 at 9. In support of his claim, he provides copies of letters to his lawyers dated between May 27, 1999, and August 3, 2004. Pet'r's Reply, ECF No. 18 at 11–21. He also submits correspondence to prison personnel concerning his "inhumane living conditions" dated between October 30, 2023, and November 14, 2023. *Id*. at 9, 22–30. But he does not include grievances or other documents supporting his claim that prison officials took his property. Furthermore, he has made the same general

7

claim—that Texas Penal Code § 19.03(a)(6)(A) was misapplied to him because he had not been previously found guilty of murder—since his counsel argued his first motion to strike on February 2, 2000. Reporter's R., vol. 4, ECF No. 15-16 at 17–22. Hence, he cannot show that—despite all due diligence—he was unable to discover essential information bearing on the existence of his claim until shortly before he filed his federal petition. Indeed, his conclusory allegations are insufficient to satisfy his burden of showing any "rare and exceptional circumstances" justified equitable tolling. *Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008) (unpublished per curiam) (explaining conclusory allegations are insufficient to establish "exceptional circumstances").

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for dismissing Castillo's claims on procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court will not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Castillo's § 2254 petition is time barred, he is not entitled to equitable tolling, and it need not address the merits of his claims. The Court further concludes that Castillo is not entitled to a certificate of appealability. The Court accordingly enters the following orders:

**IT IS ORDERED** that Castillo's *pro se* "Petition for Writ of Habeas Corpus: 28 U.S.C. § 2254" (ECF No. 4) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Castillo is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 9th day of February, 2024.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE